Dennis B. Hill (CA 218131; TX 24118204)
D.B. HILL, A PROFESSIONAL LAW CORPORATION
640 Fifth Street, Suite 200
Lincoln, CA 95648
Dennis@DbhillLaw.com
Tel: (916) 434-2553
Fax: (916) 434-2560

Attorneys for Plaintiffs MARK S. SUSOEFF

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SUSOEFF,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VEENA PAMULAPATI, M.D., and the UNITED STATES,<br><br>　　　　Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES**<br><br>Federal Tort Claims Act; Professional Negligence<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiff MARK S. SUSOEFF ("SUSOEFF"), an individual, was and is at all relevant times mentioned herein a citizen of the County of Yuba, State of California.

2.      Mr. SUSOEFF was in the United States military and is a veteran of foreign war. At all relevant times Mr. SUSOEFF qualified to receive medical treatment under the United States Department of Veterans Affairs ("VA").  Plaintiff is informed and believes that the VA and its employees are considered federal employees of the UNITED

**COMPLAINT FOR DAMAGES**

- 1 -

STATES, and were acting within the course and scope of such employment and/or agency when performing the acts plaintiff alleges forms the basis of his claim.

3.   VEENA PAMULAPATI, M.D. ("Dr. PAMULAPATI") is a medical doctor who at all relevant times was an employee of the VA clinic in Yuba City, California.

4.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1346.  Plaintiff submitted a written claim for his injuries to the VA at Office of General Counsel at 650 E. Indian School Rd., Bldg. 24, Phoenix, AZ 85012 on May 26, 2020.  A true and correct copy of the claim is attached hereto and incorporated herein by reference as Exhibit "A."  The VA denied plaintiff's claim on August 27, 2020, and therefore plaintiff files this action.  A true and correct copy of the claim denial is attached hereto and incorporated herein by reference as Exhibit "B."

5.   Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1391(b).

## FIRST CAUSE OF ACTION

### (Professional Negligence/Medical Malpractice)

6.   Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

7.   At all relevant times, Dr. PAMULAPATI, the VA and the UNITED STATES were the agents and employees of each of the other, and were at all times acting within the purpose and scope of said agency and employment, and each has ratified and approved the acts of the others.

8.   On or about April 6, 2019, Mr. SUSOEFF fractured the lower end of his right radius due to a fall.  He presented to Rideout Hospital's emergency department, which took x-rays disclosing the fractured right radius.  The medical providers at Rideout Hospital provided him with a temporary splint and advised him to follow-up with further treatment from his primary care physician.  At all relevant times Mr. SUSOEFF's primary medical provider was and is the VA clinic in Yuba City, California.

**COMPLAINT FOR DAMAGES**

- 2 -

9. On or before April 11, 2019, Mr. SUSOEFF contacted the VA clinic in Yuba City, California, concerning his closed fracture of his lower end of the right radius and requested treatment of the same. The VA staff at that time conferred with Dr. PAMULAPATI, and informed Mr. SUSOEFF that Dr. PAMULAPATI could not treat him that day, but that they would call Mr. SUSOEFF when someone at the VA clinic was available to set his radius and cast it. The VA clinic indicated that it would need to obtain approval for such an appointment. From April 11, 2019, and into the weeks that followed, Mr. SUSOEFF attempted making an appointment several times, but the VA failed repeatedly to set an appointment during that time frame. It was not until May 10, 2019, that the VA clinic sent a letter to Mr. SUSOEFF to set an appointment for a specialist to treat his fractured right radius.

10. On or about April 25, 2019, Mr. SUSOEFF was admitted to Rideout Hospital with acute respiratory failure secondary to exacerbation of his chronic lung disease. During this admission he also complained of pain to his right radius fracture. Since he was admitted in the hospital, Dr. Sukhdeep S. Sagoo, D.O. examined him for his right wrist pain and ordered x-rays. Dr. Sagoo informed Mr. SUSOEFF that the fracture has begun to heal without being aligned properly, and that his treatment options at that point were limited to either surgery to "rebreak the fracture" to try aligning it and setting it with plates and screws, or to treat it nonoperatively in the position that it was in by setting a short arm cast and follow with physical therapy. Dr. Sagoo further informed Mr. SUSOEFF that residual discomfort and weakness on the right hand or wrist was possible whether he has surgery or not. Unfortunately, setting it straight and proper without breaking the fracture was not an option at that point because of the time that had passed.

11. The medical providers at the VA clinic took no action to treat Mr. SUSOEFF for his fractured right radius until May 10, 2019, when they first sent Mr. SUSOEFF a letter to schedule what would be his first appointment under the VA system to address the

injury, even though Mr. SUSOEFF informed the VA and asked for treatment on April 11, 2019.  Mr. SUSOEFF was in immediate need for treatment on April 11, 2019, and he made the VA clinic aware of his injury and desire to obtain treatment on that date.  Mr. SUSOEFF thereafter continued to seek medical treatment from the VA after April 11, 2019, but the VA clinic failed to treat him at that time.  The VA clinic also failed to diagnose and treat Mr. SUSOEFF, thereby failing to exercise the standard of care, skill, prudence, and diligence ordinarily and commonly possessed and exercised by physicians, surgeons, surgical facilities, hospitals, nurses, etc..

12.     As a proximate result of the VA clinic's failure to exercise the proper standard of care, Mr. SUSOEFF suffered serious pain, bodily harm, medical costs, loss of earnings and earning capacity, and other such noneconomic and economic damages.  Mr. SUSOEFF is informed and believes that his past medical costs caused by the VA clinic's professional negligence exceeds $7,500 in an amount to be proven at trial.  Mr. SUSOEFF suffered past and future economic and noneconomic damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

A. For general damages according to proof;

B. For special damages according to proof;

C. For emotional distress damages according to proof;

D. For prejudgment interest in accordance with the applicable law (California Code of Civil Procedure section 685.010(a); California Civil Code section 3291);

E. For costs of suit herein; and

F. For such other and further relief as the Court may deem just and proper.

// //

// //

Dated this  1/15/2021

*Dennis B. Hill*
ID ntie61TVQR5qNGKKDy1f3EhF
_____
Dennis B. Hill, Attorney for Plaintiff
MARK S. SUSOEFF

**COMPLAINT FOR DAMAGES**

- 5 -

## eSignature Details

**Signer ID:** **ntie61TVQR5qNGKKDy1f3EhF**
Signed by: Dennis Hill
Sent to email: Dennis@dbhilllaw.com
IP Address: 208.14.24.85
Signed at: Jan 15 2021, 8:09 am PST

# Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of Chief Counsel (644/200)<br>650 E. Indian School Rd., Bldg. 24<br>Phoenix, AZ 85012 | Mark S. Susoeff<br>1744 Deborah Ln., Marysville, CA 95901;<br>D.B. Hill, A Professional Law Corp.<br>640 Fifth St., Ste. 200, Lincoln, CA 95648 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | [redacted] | Maried | 04/06/2019  Saturday | P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See Attachment 8, incorporated herein by reference.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable - no property damage is alleged.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable - no property damage is alleged.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The VA Clinic's failure to treat Mr. Susoeff proximately caused the fracture site to heal at an angle and with dorsal angulation with a loss of height. Healing in this fashion has caused Mr. Susoeff to lose function, has caused him pain, anguish, and loss of enjoyment of life. See the medical records produced herewith and incorporated herein by reference.

Enclosures: Med. Records from TubaCity VA Clinic; Rideout Memorial Hospital

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Attachment 11 | |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 750,000.00 | 0.00 | 750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Dennis P. Hill, attorney for Mark Susoeff*<br>See Designation of Representation | 916-434-2553 | 05/26/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

Not Applicable.

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?**   ☐ Yes   ☒ No

**17. If deductible, state amount.**

Not Applicable.

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

Not Applicable.

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

Not Applicable.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Attachment 8

(Mark S. Susoeff claim)

Basis of Claim

On or about April 6, 2019, Mr. Susoeff fell at his home, fracturing the lower end of his right radius. Mr. Susoeff obtained treatment at the emergency department at Rideout Hospital in Marysville, California. Rideout Hospital obtained x-rays and determined that Mr. Susoeff suffered a fracture to his right radius. The medical providers at Rideout Hospital provided him with a temporary splint and advised him to follow up for further treatment with his primary care physician. Mr. Susoeff is a veteran and considered the Veterans Affairs clinic to be his primary care physician.

On or before April 11, 2019, Mr. Susoeff contacted the Veterans Affairs clinic ("VA Clinic") within the Northern California Health Care System, located in Yuba City, California, concerning his closed fracture of his lower end of the right radius. He requested treatment for this fracture but was told he could not be treated at that time. The nurse that he saw at that time spoke to Dr. Veena Pamulapati at the VA Clinic, and then told Mr. Susoeff that the doctor could not see him that day but that the VA Clinic would call when someone is available to set his radius and cast it. The VA Clinic indicated that it would need to obtain approval for such an appointment. On or shortly after April 11, 2019, Mr. Susoeff attempted making an appointment several times, but the VA Clinic refused and failed to treat him for his fractured right radius. It was not until approximately May 10, 2019, the VA Clinic sent a letter to Mr. Susoeff to set an appointment for a specialist to treat his fractured arm, but by this time Mr. Susoeff's arm fracture fused in the wrong position, causing a visible deformity, reduced function, and pain. Mr. Susoeff sought out his own treatment with Dr. Sukhdeep S. Sagoo with Rideout Orthopedic Clinic. The delay in treatment by the VA Clinic prevented Mr. Susoeff's radius from healing in the correct position, causing pain and limiting his functional abilities. By the time that Dr. Sagoo commenced treatment of Mr. Susoeff in April of 2019, the bone had begun to fuse, thereby limiting Mr. Susoeff's treatment options. Mr. Susoeff was basically faced with two choices: (1) allow the arm to heal in the position it had already begun to fuse in, or (2) re-break the bone and have surgery to set it in the correct position. Mr. Susoeff elected the first choice - - allow the bone to remain as it had fused - - since a good possibility existed that surgery would not improve the pain and/or functionality of his arm.

Mr. Susoeff contends that the medical providers at the VA Clinic took no action to treat Mr. Susoeff's fractured arm until approximately May 10, 2019, when the VA Clinic sent Mr. Susoeff a letter to schedule the first appointment concerning the subject injury, even though Mr. Susoeff attempted to obtain treatment at least as early as April 11, 2019, from the VA Clinic. Mr. Susoeff was in immediate need for treatment on April 11, 2019, and he made the VA Clinic aware of his desire to obtain such treatment on or before that date, and also followed up to obtain treatment after that date, to no avail. Mr. Susoeff further contends that the VA Clinic failed to diagnose and treat Mr. Susoeff, and thus failed to exercise the standard of care, skill, prudence,

and diligence ordinarily and commonly possessed and exercised by physicians, surgeons, surgical facilities, hospitals, nurses, etc., by, without limitation, negligently failing to properly treat and care for Mr. Susoeff.  As a proximate result of the VA Clinic's failure to exercise this standard of care, Mr. Susoeff suffered severe pain, bodily harm, medical costs, loss of earnings, loss of earning capacity, and other such noneconomic and economic damages.  Mr. Susoeff is informed and believes that the past medical costs caused by the VA Clinic's professional negligence exceeds $7,500.  Mr. Susoeff is informed and believes that the total value of his claim exceeds $750,000.00, which includes past economic damages, past noneconomic damages, future economic damages, and future noneconomic damages.

Attachment 11

(Mark S. Susoeff claim)

Witnesses

- Celeste Maclean-Susoeff (wife), 1744 Deborah Lane, Marysville, California 95901;
- Veena Pamulapati, MD, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Kristina E. Smotherman, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Mary D. Matabalan, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Constance Y. Wilson-Barton, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Tami B. Ayala, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Ellen M. Allison, United States Department of Veteran Affairs (Yuba City VA Clinic, 425 Plumas Boulevard, Yuba City, California 95991)
- Sukhdeep S. Sagoo, MD, Rideout Orthopedic Clinic, 370 Del Norte Avenue, Yuba City, California 95991

# Exhibit B



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Phone: 202-461-4900
In Reply Refer To: GCL 475086

Via Certified Mail #7019 2280 0000 6144 1922

August 27, 2020

Dennis B. Hill
D.B. Hill, A Professional Hill
640 5th Street, Suite 200
Lincoln, CA 95648

RE:   Mark Susoeff - Administrative Tort Claim

Dear Mr. Hill:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding the administrative tort claim you filed on behalf of your client. Our adjudication of the claim included a review of the medical records, a review of the claim by a medical reviewer not involved in Mr. Susoeff's care, and interviews of medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which your client filed the claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of employment that caused compensable harm. Accordingly, we deny the claim.

If your client is dissatisfied with the denial of the claim, they may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

Lisa M Wolfe
Lisa Wolfe
Acting Deputy Chief Counsel