UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SUSOEFF,<br><br>                    Plaintiff,<br><br>         v.<br><br>VEENA PAMULAPATI, M.D., et al.,<br><br>                    Defendants. | No.  2:21-cv-00083-MCE-KJN<br><br>**ORDER** |

Through the present action, Plaintiff Mark S. Susoeff ("Plaintiff") alleges a professional negligence/medical malpractice cause of action against Defendants Veena Pamulapati, M.D. ("Pamulapati"),[1] and the United States of America (the "Government"). Compl., ECF No. 1 ("Compl."). Presently before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction on grounds that Plaintiff's claims fall within the exclusive jurisdiction of the U.S. Court of Appeals for Veterans Claims under the Veterans' Judicial Review Act, 38 U.S.C. § 511 ("VJRA").  ECF No. 7.

According to the Complaint, Plaintiff is a military veteran and qualified to receive medical treatment through the Department of Veterans Affairs ("VA"). Compl. ¶ 2. After fracturing his right forearm and receiving immediate medical treatment at a non-VA facility on April 6, 2019, Plaintiff alleges the following events occurred:

---

[1] Defendant Pamulapati was dismissed without prejudice from this action.  ECF No. 6.

> On or before April 11, 2019, [Plaintiff] contacted [his primary medical provider] the VA [C]linic in Yuba City, California [("VA Clinic")], concerning his closed fracture of his lower end of the right radius and requested treatment of the same. The VA staff at that time conferred with Dr. Pamulapati, and informed [Plaintiff] that Dr. Pamulapati could not treat him that day, but that they would call [Plaintiff] when someone at the VA [C]linic was available to set his radius and cast it. The VA [C]linic indicated that it would need to obtain approval for such an appointment. From April 11, 2019, and into the weeks that followed, [Plaintiff] attempted making an appointment several times, but the VA failed repeatedly to set an appointment during that time frame. It was not until May 10, 2019, that the VA [C]linic sent a letter to [Plaintiff] to set an appointment for a specialist to treat his fractured right radius.
>
> . . .
>
> The medical providers at the VA [C]linic took no action to treat [Plaintiff] for his fractured right radius until May 10, 2019, when they first sent [Plaintiff] a letter to schedule what would be his first appointment under the VA system to address the injury, even though [Plaintiff] informed the VA and asked for treatment on April 11, 2019. [Plaintiff] was in immediate need for treatment on April 11, 2019, and he made the VA [C]linic aware of his injury and desire to obtain treatment on that date. [Plaintiff] thereafter continued to seek medical treatment from the VA after April 11, 2019, but the VA [C]linic failed to treat him at that time. . . .

Id. ¶¶ 8–11 (internal capitalization removed). Because the VA Clinic did not timely treat or diagnose Plaintiff's injury, Plaintiff claims that he "suffered serious pain, bodily harm, medical costs, loss of earnings and earning capacity, and other such noneconomic and economic damages." Id. ¶ 12. Plaintiff subsequently filed a claim with the VA under the Federal Tort Claims Act ("FTCA"), and on August 27, 2020, the VA denied the claim.[2] Exs. A–B, Compl.

> The [VJRA], 38 U.S.C. §§ 511, 7251 et seq., establishes the exclusive procedure for veterans to challenge decisions of the VA relating to benefits. The VJRA established an Article I court, the U.S. Court of Appeals for Veterans Claims, commonly known as Veterans Court, which has sole authority to review decisions by the VA regional offices and the Board of Veteran's Appeals. Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1021 (9th Cir. 2012) (en banc) (citing 38 U.S.C. §§ 7251, 7261). Decisions of the Veterans' Court are reviewable exclusively in the U.S. Court of Appeals

---

[2] Plaintiff's FTCA claim form asserts nearly identical allegations as the Complaint. Compare Compl. ¶¶ 8–12, with Ex. A, Compl., at 10–11.

for the Federal Circuit. Id. (citing 38 U.S.C. § 1792). The Act expressly divests all "other courts" of jurisdiction to review benefits issues. 38 U.S.C. § 511(a). Accordingly, the district courts lack jurisdiction over any claim that would require the court "to determine whether the VA acted properly in handling a veteran's request for benefits." Veterans for Common Sense, 678 F.3d at 1025.

In Tunac v. United States, 897 F.3d 1197, 1200–03 (9th Cir. 2018), the Ninth Circuit addressed the relationship between the VJRA and the [FTCA], 28 U.S.C. § 1346(b)(1), which gives the district courts exclusive jurisdiction over personal injury claims against federal employees. The Tunac court drew a distinction between those claims alleging negligence by individual healthcare employees of the VA, which are cognizable under the FTCA and not barred by the VJRA, and those alleging "administrative negligence" in the denial or administration of benefits. Tunac, 897 F.3d at 1205. In Tunac, a late veteran's spouse was allowed to proceed under the FTCA on a claim that inadequate treatment by VA healthcare employees constituted medical negligence that caused her husband's death. Id. **A related claim, that the veteran's death was caused by the VA's failure to schedule medically necessary appointments and follow-up treatment, was held barred by the VJRA.** As to the latter claim, the court reasoned that plaintiff's "allegations do not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather seek relief for the type of administrative negligence in scheduling appointments that must be channeled through the VJRA." Id. at 1205–1206.

In short, district courts have jurisdiction under the FTCA over claims alleging "negligence by VA healthcare employees," but claims regarding "negligence in VA operations . . . must proceed under the congressionally-mandated pathway set forth in the [VJRA]." Id. at 1200.

Manning v. United States Dep't of Veterans Affairs, No. 2:19-cv-00494 TLN AC (PS), 2019 WL 4571947, at *2–3 (E.D. Cal. Sept. 20, 2019), report and recommendation adopted, 2019 WL 5960126 (E.D. Cal. Nov. 13, 2019) (emphasis added).

Here, Plaintiff's claim that the VA Clinic failed "to provide and/or timely schedule necessary care . . . is precisely the kind of [] claim that the Tunac court described as 'administrative negligence' and which therefore falls within the scope of the VJRA." Id. at *4 (citing Tunac, 897 F.3d at 1203 ("[W]e lack jurisdiction to review whether the VA unreasonably delayed medical care for an individual veteran as a scheduling matter, because such a claim requires review of a benefits decision.")). In an attempt to allege

3

medical, rather than administrative, negligence, Plaintiff's Opposition provides allegations not found in the Complaint or Plaintiff's FTCA claim form, including that Plaintiff "was seen by a nurse in the [VA Clinic], on a specific date, and that his doctor and nurse made the affirmative medical care decision to refrain from setting his fracture at that time, instead opting for follow-up treatment later, which they also failed to order." ECF No. 9, at 5–6.  However, the Complaint "does not mention an examination of [P]laintiff's arm or any medical decisionmaking by a nurse or Dr. Pamulapati," only that the VA Clinic failed to timely schedule an appointment.  ECF No. 10, at 2; see generally Compl. ¶¶ 8–11.  "Plaintiff's statements in his opposition brief cannot amend the Complaint . . ."  Fabbrini v. City of Dunsmuir, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008).

For the foregoing reasons, the Government's Motion to Dismiss for Lack of Jurisdiction, ECF No. 7, is GRANTED without leave to amend.[3,4]  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  January 27, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[4] The Court notes that although it lacks jurisdiction to hear Plaintiff's case, that does not necessarily mean he is without remedy in another forum, i.e., Plaintiff may pursue his claim with the U.S. Court of Appeals for Veterans Claims.